United States Court of Appeals
Fifth Circuit

**F I L E D**

**August 24, 2005**

Charles R. Fulbruge III
Clerk

**UNITED STATES COURT OF APPEALS**
**For the Fifth Circuit**

No. 04-20151
Summary Calendar

UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

VERSUS

AGUSTIN CARRILLO-BANUELOS,

                                        Defendant-Appellant.

Appeal from the United States District Court
For the Southern District of Texas
(USDC No. 3:03-CR-236-ALL)

**ON REMAND FROM THE SUPREME COURT OF THE UNITED STATES**

Before GARZA, DeMOSS, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

     On March 21, 2005, the Supreme Court granted Carrillo-Banuelos's petition for a writ of certiorari, vacated the prior judgment of this court, and remanded this appeal to this court for "consideration in light of United States v. Booker, 543 U.S.___ [, 125 S. Ct. 738] (2005)." In its remand order the Supreme Court did not specify which of the two majority opinions set forth in Booker

---

     [*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

was the basis for its remand decision. The Supreme Court did make clear in its Booker decision that both opinions would be applicable to all cases pending on direct review or not yet final as of January 12, 2005. See Booker, 125 S. Ct. at 769 (citing Griffith v. Kentucky, 479 U.S. 314, 328 (1987)). Carrillo-Banuelos's appeal satisfies those conditions.

In his original appeal to this court, Carrillo-Banuelos claimed three grounds of error: first, the erroneous imposition of a prohibition regarding possession of a dangerous device in his condition of supervised release; second, that the "felony" and "aggravated felony" provisions of 8 U.S.C. § 1326 (b) (1) and (2) are elements of the offense, not sentence enhancements, making those provisions unconstitutional; and third, that his sentence violated Blakely v. Washington, 542 U.S. 296 (2004), an argument he conceded was foreclosed by our decision in United States v. Pineiro, 377 F.3d 464, 473-75 (5th Cir. 2004). Because Carrillo-Banuelos failed to make any Booker-related objection in the district court, we review for plain error.

Applying our plain error analysis, we conclude: (1) there was error because the district court operated under a mandatory scheme and not an advisory scheme; and (2) such error is now plain under Johnson v. United States, 520 U.S. 461, 468 (1997)(holding it is enough that error be plain at the time of appellate review). However, under the third prong of our plain error methodology, i.e., whether the error affects substantial rights, it is Carrillo-

2

Banuelos's burden to show that, but for the error of acting on the premise that the Guidelines are mandatory and not advisory, the district court would have made a different decision. In United States v. Mares, 402 F.3d 511, 521 (5th Cir. 2005), we said that "the pertinent question is whether [the defendant] demonstrated that the sentencing judge§§sentencing under an advisory scheme rather than a mandatory one§§would have reached a significantly different result." That is, the plain error standard places the "burden of proof [on the defendant] and requires 'the defendant to show that the error actually did make a difference: if it is equally plausible that the error worked in favor of the defense, the defendant loses; if the effect of the error is uncertain so that we do not know which, if either, side it helped the defendant loses.'" *Id.* (quoting United States v. Rodriguez, 398 F.3d 1291, 1300 (11th Cir. 2005)).

As the district judge noted, the circumstances of Carrillo-Banuelos's previous imprisonment were indisputably "bizarre." Carrillo-Banuelos illegally entered the United States in 1987. He was convicted of delivery of a controlled substance in 1994 and sentenced to ten years' probation. Probation was revoked upon his conviction for criminal mischief in 1996, and he was imprisoned. In January, 1998, Carrillo-Banuelos was deported. In October, 1998, he was arrested, in the United States, and charged under state law with child endangerment and evading detention. He

3

was also charged under federal law with illegal re-entry.

At Carrillo-Banuelos's state criminal trial, the jury reported to the judge that it was deadlocked, at which point the judge gave them an *Allen* charge. Carrillo-Banuelos, in fear of an imminent, unfavorable verdict, changed his plea to guilty. Immediately thereafter, the jury returned a verdict of not guilty. Carrillo-Banuelos's attorney moved for a new trial. The state court granted the motion soon after. Unfortunately—and improbably—no one told the attorney or Carrillo-Banuelos that the motion had been granted, and Carrillo-Banuelos sat in prison for four-and-a-half years—until his federal criminal trial—before anyone realized that he had been granted a new trial.

At the sentencing hearing for the instant case—the federal illegal re-entry charge—the sentencing judge expressed dismay that the judge's order had been overlooked: "I still do not get it. How in the world did he end up still spending five years in prison? How did that happen?" She concluded: "That is just the weirdest set of facts I have ever heard. It's just bizarre that he would end up being in jail and nobody bothered to let anybody know that a new trial had been granted. That's just bizarre."

Due to this unusual circumstance, Judge Gilmore downwardly departed from a Criminal History Category of VI to a Criminal History Category of V. She wrote in the statement of reasons: "The Court finds a departure to criminal history category V is

4

warranted, as the defendant's criminal history category substantially over-represents the seriousness of the defendant's criminal history, pursuant to U.S.S.G. § 4A1.3(b)." Based on this lower criminal history category, Carrillo-Banuelos's Guidelines range was 70-87 months. Judge Gilmore then sentenced Carrillo-Banuelos to 70 months in prison.

Mares suggests that non-verbal clues might aid the Court in determining whether the appellant has established a "probability 'sufficient to undermine confidence in the outcome'" that the sentencing judge would have given a lower sentence if the Guidelines were discretionary. *United States v. Mares*, 402 F.3d 511, 521 (5th Cir. 2005) (noting that "there is no indication in the record from the sentencing judge's remarks or otherwise that gives us any clue as to whether she would have reached a different conclusion" (emphasis added)). In this case, however, it is clear that the sentencing judge did not feel constrained to the range to which a dutiful application of the mandatory Sentencing Guidelines committed her. Rather, she appropriately remarked that the circumstances were unusual, and downwardly departed accordingly. We are not persuaded that this combination of factors—(1) a downward departure, (2) a sentence at the bottom of the new range, and (3) a comment from the sentencing judge that the state criminal proceedings were "bizarre"—satisfies the third prong of the plain error test. Carrillo-Banuelos has not shown that the sentence

imposed by the district court violated his substantial rights.

We conclude, therefore, that nothing in the Supreme Court's <u>Booker</u> decision requires us to change our prior affirmance in this case. We therefore affirm the conviction and sentence as set by the trial court.  AFFIRMED.